# FILED

MAY 2 2 2008
MAY 22 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08C 2604
Judge Coar

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

In Re Bisphenol-A Tainted Polycarbonate Plastic Litigation        MDL Docket No. _____

_____/

## MEMORANDUM IN SUPPORT OF PLAINTIFFS ELIZABETH
## BANSE, SHARON HATTER, AND DALE L. RAGGIO, JR.'S
## MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED
## ACTIONS TO THE NORTHERN DISTRICT OF ILLINOIS

Movants, Elizabeth Banse, Sharon Hatter and Dale L. Raggio, Jr., ("Movants"),[1] by their

undersigned counsel, seek transfer of thirteen class action lawsuits, pending in seven separate

federal districts, to the Northern District of Illinois.  In support thereof, Movants respectfully

submit this memorandum, pursuant to 28 U.S.C. §1407 ("Section 1407") and Rule 7.2 of the

Rules of Procedure of the Judicial Panel on Multidistrict Litigation, to transfer and consolidate

for pretrial purposes thirteen substantially similar cases relating to defendants' production,

manufacture and/or distribution of polycarbonate plastic bottle products, including baby bottles

and baby accessories, containing the industrial chemical Bisphenol-A ("BPA") that have been

---

[1] This motion is filed on behalf of plaintiffs in *Banse v. Avent America, Inc.*, 08-CV-2604 TG (N.D. Ill.), *Hatter v. New Wave Enviro. Prods.*, 08-CV-3154 JCE (W.D. Mo.), and *Raggio v. Gerber Prods. Co.*, 08-CV-0403 JLH (W.D. Ark.).

purchased by Movants and other members of the Class. Movants herein seek to have these actions consolidated for pretrial purposes and transferred to the Northern District of Illinois.

As set forth below, the cases at issue satisfy the prerequisites for transfer and consolidation since: (a) they "involv[e] one or more common questions of fact"; (b) the transfer and consolidation of the cases would further "the convenience of the parties and the witnesses,"; and (c) the transfer and consolidation will "promote the just and efficient conduct of [the] actions" by ensuring oversight of pretrial proceedings. 28 U.S.C. § 1407.

Movants therefore respectfully request that the Judicial Panel on Multidistrict Litigation (the "Panel") enter an Order transferring all related actions to the court of Hon. David H. Coar in the Northern District of Illinois for consolidated pretrial proceedings pursuant to Section 1407. Judge Coar, who presides over *Banse v. Avent America, Inc.,* 08-CV-2604 (N.D. Ill.), has considerable relevant experience as he currently presides over three other multidistrict actions. Furthermore, this Panel has recognized the Northern District of Illinois, a frequent transferee forum, as a geographically convenient transferee forum with the ability, the resources and the judicial expertise necessary to manage complex multidistrict litigation. Accordingly, the Northern District of Illinois is the most appropriate transferee forum.

## I.    INTRODUCTION

All of the actions for which Plaintiffs seek transfer involve the industrial chemical Bisphenol-A (2, 2-bis (4-hydroxyphenly)-propane, hereinafter referred to as "BPA"), a potentially toxic material used in polycarbonate plastic bottle products produced, manufactured, distributed, and/or sold by Defendants. BPA, a fundamental building block of polycarbonate plastics, is found in a wide variety of consumer products, including plastic baby bottles, spill-proof or "sippy" cups, reusable drink containers, children's toys, microwavable food containers, beverage cans with epoxy linings, and hundreds of other products that consumers come into

contact with every day. However, BPA is a flawed compound that commonly decays in polycarbonate plastic containers over time. When this occurs, BPA is released into the liquid or food in the polycarbonate containers and ingested by the consumer, with harmful effects to human health. This leaching of BPA into liquid or food is accelerated when these bottles are subjected to heat, such as when the bottle is microwaved. Human exposure to BPA is widespread, but infants and children represent the highest estimated intakes of BPA. Hundreds of studies have shown significant health risks associated with exposure to even very low levels of BPA.

At least thirteen (13) class actions are currently pending against defendants[2] regarding defendants' production, manufacture and/or distribution of polycarbonate plastic bottle products containing BPA. As all of these cases were filed in the last month, and since Plaintiffs' counsel has consented to extend Defendant Avent's deadline to answer, these actions are in the same posture procedurally – at the very nascent stages of litigation. No court has yet had the opportunity to analyze or consider the issues presented here.

In the actions, Plaintiffs allege they would not have purchased polycarbonate plastic baby bottles and other polycarbonate products containing BPA had they known the adverse health propensities associated with proximity to BPA and bring *inter alia*, in varying forms, claims of strict liability, breach of implied warranty, unjust enrichment, and negligent design, testing, inspection, distribution, labeling, marketing, sale and/or manufacture of these products.

These actions include:

- *Banse v. Avent America, Inc.*, 08-CV-2604 (N.D. Ill.), filed May 6, 2008.
- *Raggio v. Gerber Prods. Co.*, 08-CV-403 (W.D. Ark.), filed May 7, 2008.

---

[2] Claims are currently pending against Avent America, Inc., Gerber Products Company, Playtex Products, Inc., EvenFlo Company, Inc., RC2, Philips Electronics North America Corporation, Nalge Nunc International Company, New Wave Enviro Products, and the Defendant Class of producers, manufacturers, and/or distributors of polycarbonate plastic bottle products containing the industrial chemical Bisphenol-A.

- *Lanza v. Avent America, Inc.,* 08-CV-2960 (C.D. Cal.), filed May 6, 2008.
- *Matusek v. Gerber Prods. Co.,* 08-CV-2692 (C.D. Cal.), filed May 6, 2008.
- *O'Neill v. Evenflo Co., Inc.,* 08-CV-2963 (C.D. Cal.), filed May 6, 2008.
- *Rasmussen v. Handi-Craft Co.,* 08-CV-2961 (C.D. Cal.), filed May 6, 2008.
- *Hatter v. New Wave Enviro. Prods.,* 08-CV-3154 (W.D. Mo.), filed April 30, 2008.
- *Sullivan, et al., v. Avent America, Inc., et al.,* 08-CV-309 (W.D. Mo.), filed April 30, 2008.
- *Wilson, et al., v. Avent America, Inc., et al.,* 08-CV-02201 (D. Kan), filed May 1, 2008.
- *Jaynes, et al., v. Avent America, Inc., et al.,* 08-CV-693 (W.D. Wash.), filed May 2, 2008.
- *Gale, et al., v. RC2, et al.,* 08-CV-702 (W.D. Wash.), filed May 5, 2008.
- *Thompson-Foster v. Gerber, et al.,* 08-CV-506 (E.D. Cal.), filed May 13, 2008
- *Felix-Lozano v. Nalge Nunc Int'l Co.,* 08-CV-854 (E.D. Cal.), filed April 22, 2008

These cases seek appropriate injunctive relief and to recover damages on behalf of all damaged purchasers of polycarbonate plastic bottle products containing the industrial chemical Bisphenol-A that produced, manufactured, distributed, and/or sold by Defendants.[3]

The Panel should consolidate and transfer the actions to the Northern District of Illinois for the following reasons:

- Many key witnesses, documents, and other evidence exist within the Northern District of Illinois, the principal place of business of Defendant Avent America, Inc. and a prime location where the other defendants conduct business in all of the actions.

- The Northern District of Illinois has the necessary experience and resources to handle this litigation – the Panel has previously recognized this fact and has frequently transferred multidistrict litigation to the Northern District of Illinois, and to the Hon. David H. Coar, who is currently presiding over this action, for precisely this reason.

- The Northern District of Illinois is geographically convenient and accessible for all parties and their counsel.

- Common questions of fact and law suggest that principles of economy and efficiency, for both the judicial system and the parties, would be served by consolidation and transfer. Transfer pursuant to Section 1407 will further insure the nationwide class in this case receives consistent treatment and rulings as these actions proceed.

---

[3] *Coyne v. Playtex Prods., Inc.,* 08-CV-2904 (C.D. Cal.), filed May 2, 2008, was voluntarily dismissed without prejudice on May 13, 2008.

4

For these reasons, Movants believe that the Northern District of Illinois is the most appropriate transferee forum for the consolidation of the actions against defendants.

## II.    STATEMENT OF FACTS

BPA, a chemical which defendants use to make their polycarbonate plastic bottle products, is a dangerous chemical that can be linked to serous human health problems.  For well over a decade, hundreds of studies and papers, including very recent reports, have repeatedly shown that BPA can be toxic to humans even at extremely low doses.

Yet, despite this well-documented scientific evidence, defendants have failed (and continue to fail) to disclose that their polycarbonate plastic bottle products are formulated using this dangerous chemical.  Indeed, the products are often marketed by highlighting their supposed benefits to the overall environmental and, most disturbingly, individual human health with no mention as to the potentially toxic substances contained in the products.

Defendants have breached their duty to disclose relevant and appropriate information regarding BPA in the marketing and sale of their polycarbonate plastic bottle products. Plaintiffs, including Movants here, seek, among other things, monetary damages including but not limited to appropriate injunctive relief, including but not limited to medical monitoring on behalf of all Class members and children of Class members to insure the early diagnosis and treatment for disorders associated with BPA exposure and monetary damages including a full refund of all costs associated with the purchase of Defendants' polycarbonate products produced with BPA.

III.    **ARGUMENT**

    A.    **Consolidation of the Actions against Defendants is Appropriate Pursuant to 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407(a), a party may request that the Panel transfer and consolidate two or more civil cases for pretrial proceedings upon a determination that the cases (a) "involv[e] one or more common questions of fact"; (b) the transfer and consolidation of the cases would further "the convenience of the parties and the witnesses," and (c) the transfer and consolidation will "promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407. As set forth in detail below, the pending actions meet these criteria and should be transferred and consolidated for pretrial proceedings.

    i.    **The Actions Involve One or More Common Questions of Fact**

The first Section 1407 requirement – that the cases "involv[e] one or more common questions of fact" – is plainly met here. The actions against defendants are premised upon the same core allegations. In this regard, the substantive factual and legal theory of the complaints against defendants are identical – *i.e.*, that defendants produced, manufactured and/or distributed polycarbonate plastic bottle products containing the industrial chemical BPA. The injuries sustained by Movants and members of the Class flow, in each instance, from this common nucleus of facts. Common issues will predominate in the defendant class as well. Moreover, individual questions, if any, pale by comparison to the numerous common questions that predominate. The common questions in the actions here include, *inter alia*,

    a)  Whether Defendants represented to consumers that the products had a characteristic, use, benefit or quality that rendered the products safe to use for their intended purpose;

    b)  Whether the products in fact have a characteristic, use, benefit or quality that renders them unsafe for their intended purpose;

   c) Whether the products were defectively designed;

   d) Whether Defendants failed to accurately and sufficiently warn of the defective characteristics of the product;

   e) Whether Defendants knowingly concealed the defective design of the products;

   f) Whether Defendants were unjustly enriched

Therefore, the actions that are subject to Movants' motion to transfer as well as and those subsequently filed related actions, clearly fall within the scope of the Panel as they all involve common of questions of fact and are based on the same legal theories.

### ii.   Consolidation will Further the Convenience of Parties and Witnesses

The Panel may transfer and consolidate cases pending in different districts when such cases threaten duplicative discovery, and transfer of the cases would be for the "convenience of [] parties and witnesses." 28 U.S.C. § 1407.

Because the actions are premised upon the very same misconduct related to the polycarbonate plastic bottles containing BPA and assert similar causes of action, discovery will be duplicative without consolidation. Movants anticipate that the plaintiffs in all of the actions will seek to depose a similar core of individuals believed to be involved in, or who have relevant knowledge about the polycarbonate plastic bottles containing BPA. The time and expense saved by consolidation of these proceedings will benefit the plaintiffs, the defendants and the judicial system as a whole. The Panel has repeatedly recognized that the creation of a centralization MDL forum is appropriate for this very reason. *See, e.g., In re Visa/MasterCard Antitrust Litig.*, 295 F.Supp. 2d 1379, 1380 (J.P.M.L. 2003) ("centralization under § 1407 is thus necessary in order to avoid duplication of discovery …and conserve the resources of the parties, their counsel and the judiciary"); *In re Merscorp, Inc., Real Estate Settlement Procedures Act (RESPA) Litig.*,

7

473 F. Supp. 2d 1379, 1379 (J.P.M.L. 2007) (holding that centralization under Section 1407 was

warranted where centralization was necessary in order to eliminate duplicative discovery); *In re*

*Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, (J.P.M.L. 1981) (transfer and

consolidation would "effectuate a significant overall savings of cost and a minimum of

inconvenience to all concerned with the pretrial activities').

### iii.    Consolidation will Prevent Conflicting Pretrial Rulings and Disparate Treatment of the Same Nationwide Class

Consolidation of the cases will also "promote the just and efficient conduct of the

actions." 28 U.S.C. § 1407. The Panel has frequently expressed the need for consolidation

where there is a likelihood of inconsistent pretrial rulings during various stages of the litigation,

including the class certification stage. *See In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271,

1273 (J.P.M.L. 1975) (observing that the Panel has "consistently held that transfer of actions

under § 1407 is appropriate, if not necessary, where the possibility of inconsistent class

determination exists"); *see also In re TMJ Implants Prods. Liab. Litig.*, 844 F.Supp. 1553, 1554

(J.P.M.L. 1994) ("Centralization under section 1407 is necessary … in order to prevent

inconsistent rulings"). Here, the actions assert overlapping claims on behalf of the same

nationwide class. Each action presents issues that, if subject to different pretrial rulings, would

result in disparate treatment of members of the same nationwide class.

Therefore, given the similarly of the proposed class and the claims proposed by the

proposed class in all of the actions, Movants respectfully submit that the parties and the court

would benefit form having a single judge oversee the class action issues and pretrial process to

avoid duplicative efforts and inconsistent rulings. *See, e.g., In re Washington Pub. Power Supply*

*Sys. Sec. Litig.*, 568 F. Supp. 1250, 1251 (J.P.M.L. 1983) (centralization necessary where

overlapping class certifications sought in all relevant actions); *In re Resource Exploration, Inc.*

8

*Sec. Litig.*, 483 F.Supp. 817, 821 (J.P.M.L. 1980) ("An additional justification for transfer is the fact that most of the actions before us have been brought on behalf of similar or overlapping classes of purchasers of the limited partnerships").

### B.   The Panel Should Transfer the Actions to the Northern District of Illinois

The Panel's determination of the appropriate venue in which to consolidate the pretrial proceedings in these related actions is similarly guided by Section 1407(a). Following this standard in the instant situation, the Northern District of Illinois emerges as a proper venue because it possesses a significant nexus to the litigation and best promotes and serves the convenience of the parties and witnesses and the just and efficient conduct of the actions. *See* 28 U.S.C. § 1407.

#### i.   The Hon. David H. Coar Is An Experienced MDL Jurist and the Northern District of Illinois Has the Experience and Resources to Properly Handle the Actions

The Northern District of Illinois has the experience and resources to handle complex litigation and has proven its track record in this regard; transfer under Section 1407 will allow for the just and expeditious resolution of these actions in a manner beneficial to all parties, as a single judge will formulate a streamlined pretrial schedule governing this litigation. Indeed, in determining the appropriate location for the transferee district in multidistrict litigation, the Panel has recognized consistently the benefits of transfer to the Northern District of Illinois, which clearly possesses the necessary resources and judicial expertise to manage complex multidistrict litigation. *See e.g., In re: Aqua Dots Products Liability Litigation,* 2008 WL 1395771, MDL No. 1940 (transferred to Judge Coar, N.D. Ill., April 9, 2008); *In re: Air Crash Near Medan, Indonesia on September 5, 2005,* 2008 WL 1392814, MDL No. 1925 (transferred to the Northern District of Illinois on April 10, 2008); *In re: Texas Roadhouse Fair and Accurate Transactions*

*Act (FACTA) Litigation*, 2008 WL 926079, MDL No. 1927 (transferred April 7, 2008);  *In Re RC2 Corp. Toy Lead Paint Products Liability Litigation,* 528 F.Supp.2d 1374 (J.P.M.L. 2007).

Judge David Coar's track record speaks for itself as well.  Judge David H. Coar has considerable experience handling multidistrict litigation in his fourteen years at the U.S. District Court, which followed eight years as a judge in U.S. Bankruptcy Court.  This Panel has recognized his experience and transferred three separate multidistrict actions to his court.[4]  Judge Coar has demonstrated his willingness and his ability to manage large multidistrict cases involving complicated issues of law and fact, including products liability actions like this case.

     ii.    **The Northern District of Illinois is the Location of Defendant Avent Headquarters and Is The Location of Many Key Witnesses and Documents**

The Panel has consistently recognized that a proper transferee forum is the forum where relevant documents and witnesses are located.  *See, e.g., In re Live Concert Antitrust Litig.*, 429 F. Supp. 2d 1363, 1364 (J.P.M.L. 2006) (transferring action to Central District of California since the district is "likely to provide a substantial number of witnesses and documents" as it is the district where defendant is headquartered).

Avent America, Inc., a defendant in the Illinois action, is an Illinois corporation with its principal offices located in Illinois.  Avent produces, manufactures, distributes, and/or sells several different polycarbonate plastic bottle products, including baby bottles and baby accessories; as Avent's headquarters and principal operations are located in Illinois, Illinois is the proper transferee forum since the relevant documents and witnesses are located there.  *See In re McDonald's French Fries Litig,* 444 F.Supp.2d 1342, 1343 (J.P.M.L. 2006) (transferring actions

---

[4] The Panel has transferred the following cases to Judge Coar: *In re: Aqua Dots Products Liability Litigation,* 2008 WL 1395771, MDL No. 1940 (transferred to Judge Coar, April 9, 2008); *In re JP Morgan Chase & Co. Securities Litigation,* 452 F.Supp.2d 1350 (J.P.M.L. 2006); *In re Sulfuric Acid Antitrust Litigation,* 270 F. Supp. 2d 1379 (J.P.M.L. 2003) (transferring action to Judge David H. Coar, noting Northern District of Illinois was "equipped with the resources that this complex antitrust docket is likely to require").

to the Northern District of Illinois because it is a likely source of relevant documents and witnesses since McDonald's headquarters is located there); *In re Sears, Roebuck & Co. Tools Marketing and Sales Practices Litig.*, 381 F.Supp.2d 1383, 1384 (J.P.M.L. 2005) (transferring actions to the Northern District of Illinois because Sears' corporate headquarters and many of its documents and witnesses are located there); *In Re RC2 Corp. Toy Lead Paint Products Liability Litigation*, 528 F.Supp.2d 1374 (J.P.M.L. 2007) (transferring MDL to Northern District of Illinois as "defendant RC2 is headquartered [in Illinois], and, therefore, discovery will likely be found there").

### iii. All Defendants have Substantial Contacts in the Northern District of Illinois

Defendants Gerber Products Company,[5] Playtex Products, Inc.,[6] EvenFlo Company, Inc.,[7] Philips Electronics North America Corporation,[8] New Wave Enviro Products,[9] Nalge Nunc International Company[10] and RC2,[11] as well as other producers, manufacturers, and/or distributors of polycarbonate plastic bottle products containing the BPA, all have substantial contacts in the Northern District of Illinois. The Northern District of Illinois is a prime location where each Defendant transacts business. In addition, key documents and witnesses relevant to all actions will be located within the Northern District of Illinois, which is the headquarters of Defendant Avent. The headquarters of the other key named Defendants are also convenient to the Northern District of Illinois. Transfer of these actions to the Northern District of Illinois will avoid duplicative discovery and inconsistent rulings, particularly at the class certification stage,

---

[5] Defendant Gerber Products Company is a Michigan Corporation.
[6] Defendant Playtex Products, Inc. is a Connecticut Corporation.
[7] Defendant Evenflo Company, Inc. is an Ohio Corporation.
[8] Defendant Philips Electronics North America Corporation is a Delaware Corporation.
[9] Defendant New Wave Enviro Products is a Nevada Corporation.
[10] Defendant Nalge Nunc International Company is a Delaware Corporation with principal business offices in New York.
[11] Defendant RC2 is a Delaware Corporation.

and will act to substantially streamline this litigation. Finally, the Northern District of Illinois is convenient to all parties and their counsel. Thus, the Northern District of Illinois is the logical and convenient location for transfer of these actions

## IV.    CONCLUSION

For all the reasons set forth above, plaintiff respectfully requests that the Panel transfer the cases against Defendants for coordinated pretrial proceedings to the Northern District of Illinois.

DATED:        May 16, 2008                    Respectfully Submitted,


                                        /s/ Edith M. Kallas
                                        Edith M. Kallas
                                    Joe R. Whatley
                                    Dominique Day
                                    **WHATLEY DRAKE & KALLAS, LLC**
                                    1540 Broadway, 37th Floor
                                    New York, New York  10036
                                    Phone: (212) 447-7070
                                    Fax:  (212) 447-7077
                                    ekallas@wdklaw.com
                                    jwhatley@wdklaw.com
                                    dday@wdklaw.com

                                    John G. Emerson
                                    Scott E. Poynter
                                    **EMERSON POYNTER LLP**
                                    The Museum Center
                                    500 President Clinton Ave, Suite 305
                                    Little Rock, AR 72201
                                    Phone:  (501) 907-2555
                                    Fax: (501) 907-2556
                                    www.emersonpoynter.com

                                    Jack T. Patterson, II
                                    Arkansas State Bar No. 95012
                                    Jeremy Y. Hutchinson
                                    Arkansas State Bar No.  2006-145
                                    **PATTON ROBERTS, PLLC**
                                    The Stephens Building

111 Center Street, Suite 1315
Little Rock, AR  72201
Phone:  (501) 372-3480
Fax:  (501) 372-3488
*jpatterson@pattonroberts.com*
*jhutchinson@pattonroberts.com*

Jim Wyly
Arkansas Bar No. 90158
**PATTON ROBERTS, PLLC**
Century Bank Plaza, Suite 400
P.O. Box 6128
Texarkana, Texas  75505-6128
Phone:  (903) 334-7000
Fax:  (903) 334-7007
*jwyly@pattonroberts.com*

***Counsel for Plaintiffs Elizabeth Banse, Sharon
Hatter and Dale Raggio***